IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 3:11-00145 |
| ) | Chief Judge Haynes |
| v. ) | |
| ) | |
| TACKERETTE BIGBEE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

Before the Court is the Defendant Tackerette Bigbee's second motion to suppress (Docket Entry No. 68) contending that the state search warrant under which the proof in this action was secured is invalid. The Defendant argues that the warrant was issued to "any peace officer within or of [Robertson] County," and failed to identify the police officer to whom the warrant was issued and thus, the warrant is invalid under Rule 41 of the Tennessee Rules of Criminal Procedure and challenges the reliability of the confidential informant. The United States filed its response (Docket Entry No. 69).

In its earlier Order, the Court found that the state judge had probable cause to issue the warrants for searches of the Defendant's residence and storage unit. For this Memorandum, the Court adopts and incorporates by reference its earlier findings and ruling that the state warrant at issue was supported by probable cause.

In sum, the facts are that a detective applied for warrants to search the Defendant's home and his storage unit after a controlled purchase of illegal drugs by confidential informant from the Defendant. The detective's application for the search warrants cited the Defendant's

1

recorded conversation with the confidential informant selling the drugs, the Defendant's subsequent trip to his storage unit, the arrest of Defendant and the detective's personal observation of these events. The detective's affidavit also stated that, "Approximately three different C.I.'s have advised this affiant in the past that Tackerette Bigbee stores his cocaine in a storage building at 5th Ave W. and Central Ave."

A Robertson County General Sessions Judge issued warrants to search Defendant's home and the Defendant's unit at the self-storage facility. The warrants were addressed "[t]o any peace officer within or of [Robertson] County." The detective gave the search warrants to Springfield Police Officers to search Defendant's home and storage unit. The Defendant contends that both search warrants failed to comply with the Tennessee and Federal Rules of Criminal Procedure because the search warrants were directed to "any peace officer within or of [Robertson] County" and the warrants were executed by two members of the Springfield Police department. (Docket Entry No. 31-6: Exhibit; 31-8: Exhibit).

Rule 41(e)(1) of the Tennessee Rules of Criminal Procedure provides that search warrants "may only be executed by the law enforcement officer, or one of them, to whom it is directed. Other persons may aid such officer at the officer's request, but the officer must be present and participate in the execution." In issuing the warrant, the state judicial officer "shall endorse on the search warrant the hour, date, and name of the officer to whom the warrant was **delivered** for execution." Tenn. R. Crim. P. 41(c)(2)(D) (emphasis added). Yet, a warrant "shall be **directed** to and served by: (I) the sheriff or any deputy sheriff of the county where the warrant is issued; or (ii) any constable **or any other law enforcement officer with authority in the county**." Tenn. R. Crim. P. 41 (c)(2)(C) (emphasis added).

2

In State v. Pigford, 572 S.W.2d 921, 922 (1978), the Tennessee Supreme Court held that a federal agent to whom a warrant was delivered, need not be present when the local sheriff's officer executed the warrant. In State v. Robinson, 622 S.W.2d 62, 75 (Tenn. Ct. Crim. App. 1980) that Court held that "[t]he fact that [the warrant] was delivered to a specifically named officer has no relevance so long as it was executed by any one of the officers to whom it was directed." Id. More recently, the Tennessee Court of Criminal Appeals held that the warrant was valid when the warrant was "directed to 'the sheriff, any constable or any peace officer of [Anderson] County' and was served by various peace officers of the county." State v. Hurd, 2001 WL 348871 at *6-7 (Tenn. Crim. App. Apr. 10, 2001).

Here, although the warrants were delivered to the detective, the warrants were directed "[t]o any peace officer within or of [Robertson] County." (Docket Entry No. 31-6: Exhibit; 31-8: Exhibit). This language is virtually identical to the language approved in Hurd, 2001 WL 348871 at *6. The Springfield police officers are peace officers "within or of" Robertson County. See, e.g., Pigford, 572 S.W.2d at 922. The Defendant cites State v. Stepherson, 15 S.W.3d 898 (Tenn. Ct. Crim. App. 1999), but there, the designated officer to whom the warrant was delivered, was incorrect and such an error was deemed fatal. Id. at 901. Here, the warrants were applied for by and issued to the detective.

As to federal rules, Fed. R. Crim. P. 41(b) applies to warrants and governs only search warrants requested by "a federal law enforcement officer or an attorney for the government...." United States v. Bennett, 170 F.3d 632, 635 (6th Cir. 1999). "Rule 41 does not apply in a case where no federal officers are involved." United States v. Shields, 978 F.2d 943, 946 (6th Cir. 1992).

Finally, as to credibility of the informant, the informant's recorded drug transactions with the Defendant and the detective's personal observation of the drug transaction are deemed sufficient to credit the confidential informant's statement about the Defendant.

For these reasons stated, the Defendant's second motion to suppress (Docket Entry No. 68) should be denied.

An appropriate Order is filed herewith.

ENTERED this the 12th day of July, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court